726 So.2d 248 (1998)
Timothy BROWN, Appellant,
v.
STATE of Mississippi, Appellee.
No. 97-KA-00592 COA.
Court of Appeals of Mississippi.
December 30, 1998.
*249 W.S. Stuckey, Jr., Greenwood, Attorney for Appellant.
Office of the Attorney General by Deirdre McCrory, Attorney for Appellee.
BEFORE BRIDGES, C.J., HINKEBEIN, AND KING, JJ.
KING, J., for the Court:
¶ 1. Timothy Brown was convicted of armed robbery, aggravated assault, burglary, and conspiracy to commit burglary, and sentenced to serve one term of ten years, one term of twenty years, and two five year terms, respectively, in the custody of the Mississippi Department of Corrections. The sentences for armed robbery and aggravated assault were to be served consecutively, and those for burglary and conspiracy to commit burglary were to be served concurrently. Aggrieved by his convictions and sentences, Brown has appealed and assigned one error:
I. THE TRIAL COURT ERRED IN NOT GRANTING A PEREMPTORY INSTRUCTION TO THE JURY OR, IN THE ALTERNATIVE, GRANTING A JUDGMENT NOTWITHSTANDING THE VERDICT AS THE VERDICT OF THE JURY WAS CONTRARY TO THE LAWS AND THE OVERWHELMING WEIGHT OF THE EVIDENCE.
Finding no error, this Court affirms the circuit court judgment.

FACTS
¶ 2. Shortly after 10 p.m. on October 11, 1996, John Hall arrived home and found Brown and Christopher Thurmond standing in his house in Lexington, Mississippi. According to Hall, Brown ordered him to hand over his money. Because the money was in the trunk of Hall's car, he walked outside to get it. While walking out, he slipped. Because Brown thought that Hall was fooling around, he shot him with a .12 gauge sawed off shotgun.
¶ 3. According to Hall, he crawled back into his house to get his car keys and back outside to retrieve the money from the car trunk. At this point, a car began to drive past the house.
¶ 4. Hall ran out to the street. He grabbed the door handle of the car which was driven by his neighbor, H.B. Levy. According to Hall, Brown shot again hitting *250 Levy's car window. With Hall still hanging onto the door handle, Levy drug him down the street. Shortly thereafter, Levy pulled him into the car and rushed him to the hospital. It was later determined that Hall had been shot in the lower part of his hip.
¶ 5. Brown denied that the events occurred in the manner described by Hall. According to Brown, he worked for Hall as a drug courier. On the night in question, Hall had invited him to his house to pay a debt, but did not have the money. At some point, the two argued and Hall ran outside to get into his car. Brown alleged that, after Hall stepped out of the car, Thurmond told him to watch out because Hall had retrieved a gun. When Brown saw Hall's gun, he pulled out his gun and shot him in self-defense.
¶ 6. According to Brown, he took Hall's car with Hall's permission. The car was later found by the police. Contrary to Hall's statement to the police that approximately $300 was in the car trunk, no money was found.
¶ 7. Brown was subsequently indicted for armed robbery, aggravated assault, burglary, conspiracy to commit burglary and auto theft. The charge of auto theft was dismissed. On May 5, 1997, a trial was held, and the jury convicted Brown of all remaining charges. His motion for new trial and judgment notwithstanding the verdict having been denied, Brown now appeals his convictions and sentences.

DISCUSSION

SUFFICIENCY OF THE EVIDENCE
¶ 8. Brown contends that the trial court failed to grant his peremptory instruction, and motion for judgment notwithstanding the verdict.

Standard of Review
In appeals from an overruled motion for peremptory instruction and judgment notwithstanding the verdict, the sufficiency of the evidence as a matter of law is viewed and tested in a light most favorable to the State. The credible evidence... consistent with guilt must be accepted as true. The prosecution must be given the benefit of all favorable inferences that may be reasonably drawn from the evidence. Matters regarding the weight and credibility of the evidence are to be resolved by the jury. We are authorized to reverse only where, with respect to one or more of the elements of the offense charged, the evidence so considered is such that reasonable and fair-minded jurors could only find the accused not guilty.
McClain v. State, 625 So.2d 774, 778 (Miss. 1993) (citations omitted).

Analysis

Armed Robbery
¶ 9. Miss.Code Ann. § 97-3-79 (Rev. 1994) defines armed robbery as taking "the personal property of another, in his presence or from his person and against his will, by violence to his person or by putting him in fear of some immediate injury to his person by the exhibition of a deadly weapon."
¶ 10. Though Brown contends that he shot Hall in self-defense only, there existed substantial evidence upon which the jury could have found that he shot Hall in an effort to take his money. Two different accounts of the incident were given by Hall and Brown, but the "jury [was] the sole judge of the weight and worth of [their] testimony...." Vickers v. State, 323 So.2d 743, 744 (Miss. 1975). Accordingly, this Court defers to the jury's judgment.

Aggravated Assault
¶ 11. Miss.Code Ann. § 97-3-7(2) (Rev.1994) defines aggravated assault as knowingly causing bodily injury to another with a deadly weapon.
¶ 12. Brown admitted in a letter written to the district attorney as well as during trial that he shot Hall with a deadly weapon. Again, it was for the jury to determine whether the shooting was in self-defense or otherwise.

Burglary
¶ 13. Miss.Code Ann. § 97-17-23 (Rev.1994) defines burglary as the "breaking and entering, in the night, the dwelling of *251 another, armed with a deadly weapon, in which there shall be at the time some human being, with intent to commit some crime therein."
¶ 14. Brown denied that he broke into Hall's house to steal. A witness in his behalf testified that Brown told him that he was going to Hall's house to pick up some money, rather than commit burglary. On the other hand, Thurmond, his accomplice, indicated that he and Brown broke into Hall's house with intention to burglarize it. Though the testimony of Brown and his witness contradicted Thurmond's testimony, this Court finds that substantial evidence existed upon which the jury could have found Brown guilty of burglary.

Conspiracy to Commit Burglary
¶ 15. When two persons agree to commit burglary, a conspiracy to commit burglary is established. Miss.Code Ann. § 97-1-1 (Rev.1994). Thurmond testified that he and Brown agreed to go to Hall's house to commit burglary. This testimony was sufficient to establish that substantial evidence existed upon which the jury could have found Brown guilty of conspiracy to commit murder.

WEIGHT OF THE EVIDENCE
¶ 16. Brown contends that the evidence in the case at bar is against the overwhelming weight of the evidence, and therefore, he should have been granted a new trial.

Standard of Review
In determining whether or not a jury verdict is against the overwhelming weight of the evidence, this court must accept as true the evidence which supports the verdict and will reverse only when it is convinced that the circuit court has abused its discretion in failing to grant a new trial.
Isaac v. State, 645 So.2d 903, 907 (Miss.1994).

Analysis
¶ 17. Accepting as true Hall's testimony that he walked into his house and found two men, Sheriff Willie March's testimony that Hall's house appeared to have been ransacked, Thurmond's testimony that he and Brown agreed to commit burglary, Brown's admission that he shot Hall with a deadly weapon, and the fact that Brown had possession of Hall's car and $300 dollars was discovered to have been taken from the car, this Court does not find that the trial judge erred in failing to grant a new trial.
¶ 18. THE JUDGMENT OF THE HOLMES COUNTY CIRCUIT COURT OF CONVICTIONS OF COUNT ONE OF ARMED ROBBERY, COUNT TWO OF AGGRAVATED ASSAULT, COUNT FOUR OF BURGLARY AND COUNT FIVE OF CONSPIRACY TO COMMIT BURGLARY, AND SENTENCES OF TEN(10) YEARS ON COUNT ONE, TWENTY (20) YEARS ON COUNT TWO, FIVE (5) YEARS ON COUNT FOUR AND FIVE (5) YEARS ON COUNT FIVE, IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS IS AFFIRMED. COUNTS ONE (1) AND TWO (2) ARE TO BE SERVED CONSECUTIVELY AND COUNTS FOUR (4) AND FIVE (5) ARE TO BE SERVED CONCURRENTLY WITH COUNTS ONE AND TWO. ALL COSTS OF THIS APPEAL ARE ASSESSED TO HOLMES COUNTY.
BRIDGES, C.J., McMILLIN AND THOMAS, P.JJ., COLEMAN, DIAZ, HERRING, HINKEBEIN, PAYNE, AND SOUTHWICK, JJ., CONCUR.