806 So.2d 1165 (2002)
John Patrick WOODS, Appellant
v.
STATE of Mississippi, Appellee.
No. 2000-KA-00526-COA.
Court of Appeals of Mississippi.
February 5, 2002.
*1166 Harvey Christopher Freelon, Jackson, Attorney for Appellant.
Office of the Attorney General by Deirdre McCrory, Jackson, Attorney for Appellee.
Before KING, P.J., IRVING, and BRANTLEY, JJ.
KING, P.J., for the Court.
¶ 1. This is an appeal from the Circuit Court of the First Judicial District of Hinds County, Mississippi. John Patrick Woods was found guilty of burglary of a business and was sentenced to serve a term of seven years in the custody of the Mississippi Department of Corrections. Aggrieved, Woods has raised the following issues on appeal:
I. Whether the trial court erred in not granting a continuance once it was discovered that the assistant district attorney had represented Woods at a bond hearing regarding the same matter.
II. Whether Woods received ineffective assistance of counsel.

*1167 FACTS
¶ 2. On August 27, 1998, Clarence Henderson was walking to work. As he approached the Wasco Town Laundromat on Bailey Avenue at about 4:45 a.m., he noticed a man standing on the other side of the street by a utility pole. Mr. Henderson noticed that this man was carrying a stick in his hand. As this man approached him, Henderson reached in his pocket and pulled out a gun. The man then retreated back across the street.
¶ 3. Henderson continued down the street, and saw another man standing in front of the Laundromat with something in his hand. As Henderson walked on, he observed a third man standing on the corner at the end of the Wasco Laundromat. After Henderson passed Wasco, he "heard a lot of glass breaking." As this occurred, Henderson realized that he knew one of the men standing in front of the building. That person was John P. Woods. As Henderson looked back, he saw Woods knock the glass out. Henderson then knocked on the door of a house near the Laundromat, but no one responded. Henderson went to a nearby gas station and called the police.
¶ 4. An officer responding to the burglary observed the suspects west of the store carrying something. Upon being stopped, the suspects "dropped the boxes and just took off running." The suspects were not apprehended. The recovered property was released to Mr. Hawkins, the owner of the Laundromat later that morning.
¶ 5. In September 1998, Woods was indicted for business burglary. In January 1999, the trial judge set the bond for Woods, who was then represented by an assistant public defender, Eleanor F. Peterson. The trial in this matter began on December 1, 1999, and Woods was then represented by attorney E. Michael Marks. Woods was found guilty of business burglary and was sentenced to serve seven years in the custody of the Mississippi Department of Corrections.

ISSUES AND ANALYSIS

I.

Whether the trial court erred in not granting a continuance once it was discovered that the assistant district attorney had represented Woods at a bond hearing regarding the same matter.
¶ 6. Woods contends that the trial court erred in not granting a continuance. He argues that once the court discovered that then Assistant District Attorney Eleanor F. Peterson, as an assistant public defender, had represented Woods at a bond hearing in this matter, a continuance should have been granted.
¶ 7. The decision to grant a continuance is left to the sound discretion of the trial judge. Farris v. State, 764 So.2d 411 (¶ 45) (Miss.2000). The denial of a continuance will not be grounds for reversal unless it is shown to have resulted in manifest injustice. Id.
¶ 8. The trial judge noticed an order for bond with Attorney Peterson's signature in Woods' file. Outside the presence of the jury, she questioned the State regarding Attorney Peterson's role in this matter. The testimony regarding this matter is as follows:
BY THE COURT: Ms. Peterson, I was looking in the file and I don't know whether you've looked over it or not. I have the initial bond setting, and it says presented by you with reference to Mr. Woods. Do you recall him? He indicates that you were his attorney at some time.
BY MS. PETERSON: No.

*1168 BY THE COURT: You don't recall him?
BY MS. PETERSON: No.
BY MS. HAYNES: Your Honor, the State would ask that Ms. Peterson be excused from the case. She has not participated. In fact, [she] just joined me on the case, sitting in this morning.
BY THE COURT: I know that she just switched over. When I saw this, I thought that it mightI'll just let you look at it just so that you can see what I'm talking about and I know from time to time just an attorney in the office will agree to the bond.
BY MS. PETERSON: At one time I was the only attorney assigned to this courtroom. Everything was on mine [sic]. There's nothing about the case that even rings any bells when I read the discovery this morning.
BY THE COURT: Why don't we have Ms. Peterson excused unless the defendant wishes to agree that Ms. Peterson was not his attorney in this particular case. Or would you like to discuss it with your client? Because he just indicated that he remembered Ms. Peterson.
BY MS. HAYNES: Let me state for the record, your Honor, Ms. Peterson has not talked to any of the witnesses. I've talked with all of the witnesses, and I just asked her this morning to sit in on the case. So she did not review the case until this morning.
¶ 9. The court determined that having represented Woods for purposes of obtaining a bond in this case it was inappropriate for Peterson to then participate in its prosecution. The court determined that while Peterson's participation was inappropriate and excused her, there was no indication that she had gained from the defendant nor shared with the prosecution any information which might compromise Woods' defense. That finding is supported by the record before this Court. Having reviewed the evidence in the record, this Court affirms the ruling made by the trial court.

II.

Whether Woods received ineffective assistance of counsel.
¶ 10. Woods contends that he received ineffective assistance of counsel. He alleges four instances of ineffective assistance: (1) his attorney sat at the State's table while the State questioned its witness which prejudiced his defense; (2) his attorney failed to request an identification hearing and failed to cross-examine Mr. Henderson regarding his identification of Woods; (3) his attorney asked about past crimes which he had committed; and (4) his attorney failed to give an opening statement.
¶ 11. To prevail on an ineffective assistance of counsel claim, Woods must demonstrate that: (1) his counsel's performance was deficient, and (2) this deficient performance prejudiced his defense. Wardley v. State, 760 So.2d 774 (¶ 27) (Miss.Ct.App.1999). Woods must prove that there is a reasonable probability that, but for the errors of his counsel, the verdict of the jury would have been different. Id.
¶ 12. At the beginning of the trial, Attorney Marks, counsel for Woods, sat at the State's table. After the jury was excused for lunch, the trial judge questioned Attorney Marks about his seating arrangement. Attorney Marks stated:
BY MR. MARKS: I'm a little bit hard of hearing, Judge, and unless I see their lips movingI can't see the witnesses faces from here.
BY THE COURT: Well, you can move that table up and sit your chair at the *1169 end of that table. But I'm not accustomed to defense counsel sitting at the table with the State. So you can pull the table forward to a point that you can see the witness. But the Court is not going to allow you to sit at the table with the State.
BY MR. MARKS: Very well, your Honor.
BY THE COURT: It can be confusing to the jury. Anything further at this point?
The trial judge corrected this act prior to the conclusion of the trial.
¶ 13. In his second allegation of ineffective assistance, Woods contends that his defense was prejudiced because his attorney failed to request an identification hearing and failed to cross-examine Mr. Henderson regarding his identification testimony. The transcript does reflect that Woods' attorney briefly questioned Mr. Henderson regarding his knowledge of where he saw Woods, but the transcript does not reflect that Woods' attorney requested an identification hearing. Normally, this Court does not second guess an attorney on matters of strategy. Scott v. State, 742 So.2d 1190 (¶ 14) (Miss.Ct.App. 1999). Woods has not provided this Court with sufficient reason to do so now.
¶ 14. Woods' third claim of ineffective assistance occurred when his attorney asked him about past crimes which he committed. The transcript reveals the following testimony:
Q. John, have you been in trouble before in your life? Have you ever been convicted of crimes?
A. No.
Q. Weren't you caught one time with some marijuana?
A. Yes.
Q. Or some dope?
A. Yes.
Q. How old were you at that time?
A. Well, I was 18 when I got caught with dope, cocaine, crack.
Q. Have you ever been convicted of any other crime?
A. No.
While the basis for this line of questioning by Woods' attorney is not made clear during trial, with respect to the overall performance, counsel's choice of whether or not to file certain motions, call certain witnesses, ask certain questions, or make certain objections falls within the ambit of trial strategy. Scott v. State, 742 So.2d 1190 (¶ 14) (Miss.Ct.App.1999).
¶ 15. Woods' final allegation of ineffective assistance was that his attorney failed to give an opening statement. Opening statements are not mandatory and are often strategic in nature. Robinson v. State, 784 So.2d 966 (¶ 11) (Miss.Ct. App.2000). Therefore, Woods' attorney was not required to present an opening statement.
¶ 16. There exists a rebuttable presumption that counsel is competent. Ratliff v. State, 752 So.2d 416 (¶ 6) (Miss. Ct.App.1999). If a defendant is to prevail on this claim, he must affirmatively rebut this presumption. Id. at (¶ 6). Upon review of the above allegations of ineffective assistance, we cannot say that counsel's trial strategy was deficient to such an extent which would constitute prejudice to Woods' defense.
¶ 17. THE JUDGMENT OF THE CIRCUIT COURT OF THE FIRST JUDICIAL DISTRICT OF HINDS COUNTY OF CONVICTION OF BURGLARY OF A BUSINESS AND SENTENCE OF SEVEN YEARS IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS IS AFFIRMED. ALL *1170 COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.
McMILLIN, C.J., SOUTHWICK, P.J., BRIDGES, THOMAS, LEE, IRVING, MYERS, CHANDLER AND BRANTLEY, JJ., CONCUR.