914 So.2d 274 (2005)
William Earl RAMAGE, Jr., Appellant
v.
STATE of Mississippi, Appellee.
No. 2004-CP-01848-COA.
Court of Appeals of Mississippi.
October 25, 2005.
*275 William Earl Ramage, Jr., Appellant, pro se.
Office of the Attorney General by Jeffrey A. Klingfuss, attorney for appellee.
Before BRIDGES, P.J., GRIFFIS and BARNES, JJ.
BARNES, J., for the Court.

SUMMARY OF FACTS AND PROCEDURAL HISTORY
¶ 1. On June 6, 2002, William Earl Ramage, Jr. fell asleep at the wheel while under the influence of drugs and alcohol. Ramage lost control of the car, which ultimately crossed the road and collided with a power pole, killing his two passengers, Barbara Kay Kennedy and Krisan Dewayne Martin. Ramage was charged with aggravated DUI for Kennedy's death and was charged with culpable negligence manslaughter for Martin's death. Ramage pled guilty in the Rankin County Circuit Court to both offenses. On the aggravated DUI charge, the circuit court sentenced Ramage to a term of twenty-two years in the custody of the Mississippi Department of Corrections, with five years suspended, seventeen years to serve and five years of post-release supervision. On the manslaughter charge, Ramage was sentenced to twenty years, with five years suspended, fifteen years to serve and five years of post-release supervision. The trial court ordered the sentences to run concurrently. After his conviction, Ramage filed a motion to vacate and set aside his conviction and sentence, asserting (1) that pleading guilty to both charges subjected him to double jeopardy; (2) that his indictment was fatally defective; (3) that his sentencing order was unconstitutional; (4) that he suffered from ineffective assistance of counsel; and (5) that his pleas were not made knowingly and voluntarily. Upon the denial of his motion by the circuit court, Ramage appeals to this Court. Finding no error in the circuit court's denial of Ramage's motion for post-conviction relief, we affirm.

STANDARD OF REVIEW
¶ 2. "When reviewing a lower court's decision to deny a petition for post-conviction *276 relief this Court will not disturb the trial court's factual findings unless they are found to be clearly erroneous. However, where questions of law are raised the applicable standard of review is de novo." Penn v. State, 909 So.2d 135, 136(¶ 4) (Miss.Ct.App.2005) (quoting Brown v. State, 731 So.2d 595, 598(¶ 6) (Miss.1999)).

ISSUES AND ANALYSIS

I. WHETHER RAMAGE'S CONVICTION OF BOTH AGGRAVATED DUI AND CULPABLE NEGLIGENCE MANSLAUGHTER IS PROHIBITED BY DOUBLE JEOPARDY PRINCIPLES.
¶ 3. Ramage claims that the two convictions subjected him to double jeopardy because, while he performed only one act of driving while intoxicated, he was charged with separate offenses for the deaths of Kennedy and Martin.
¶ 4. Double jeopardy protects against a second prosecution for the same offense after acquittal, against a second prosecution for the same offense after conviction and against multiple punishments for the same offense. Brown, 731 So.2d at 599(¶ 10) (citing North Carolina v. Pearce, 395 U.S. 711, 717, 89 S.Ct. 2072, 23 L.Ed.2d 656 (1969)). In order to determine whether a defendant has been subjected to double jeopardy, this Court employs the "same elements" test set out in Blockburger v. United States, 284 U.S. 299, 52 S.Ct. 180, 76 L.Ed. 306 (1932). See, e.g., Houston v. State, 887 So.2d 808, 814(¶ 23) (Miss.Ct.App.2004). Where a defendant is charged with violating two or more separate statutory provisions, this test "requires an inquiry into whether each offense charged requires proof of an element not contained in the other." Blockburger, 284 U.S. at 299, 52 S.Ct. 180. Where the same elements are required by each, they are considered the same offense, and double jeopardy bars additional punishment. Id. However, where different elements are required by each offense, double jeopardy does not prevent prosecution and punishment for both offenses. Id.; see also Houston, 887 So.2d at 814(¶ 24) ("[A] criminal defendant may be prosecuted for more than one statutory offense arising out of a basic set of facts where each offense charged requires proof of a different element").
¶ 5. In the case sub judice, Ramage was charged with two separate offenses. First, for the death of Barbara Kennedy, Ramage was charged with aggravated DUI in violation of Mississippi Code Annotated section 63-11-30(5) (Supp.2001) (amended 2002 & 2004). For Martin's death, Ramage was charged with culpable negligence manslaughter in violation of Mississippi Code Annotated section 97-3-47 (Rev. 2000). While the charges of aggravated DUI and culpable negligence manslaughter arose out of the same set of facts, the elements of each offense are separate and distinct. See Houston, 887 So.2d at 814(¶ 25) (finding elements of armed robbery and aggravated assault separate and distinct). The elements of aggravated DUI are driving while intoxicated and negligent killing or mutilation. Miss.Code Ann. § 63-11-30(5) (Supp.2001 & Rev. 2004). Culpable negligence manslaughter requires only an unlawful killing by the culpable negligence of another. Miss.Code Ann. § 97-3-47. Ramage's convictions pass muster under Blockburger because aggravated DUI requires an element not required by the culpable negligence manslaughter, namely, that of intoxication.
¶ 6. Further, though the two offenses may at first blush appear to share the element of negligence, the level of negligence required by the two statutes is vastly different. While simple negligence coupled *277 with proof of intoxicated driving will sustain a conviction for aggravated DUI, Ware v. State, 790 So.2d 201, 216(¶ 53) (Miss.Ct.App.2001), culpable negligence manslaughter requires a greater showing:
[T]he term culpable negligence should be construed to mean a negligence of a higher degree than that which in civil cases is held to be gross negligence, and must be a negligence of a degree so gross as to be tantamount to a wanton disregard of, or utter indifference to, the safety of human life, and that this shall be so clearly evidenced as to place it beyond every reasonable doubt.
Conley v. State, 790 So.2d 773, 793(¶ 70) (Miss.2001) (quoting Grinnell v. State, 230 So.2d 555, 558 (Miss.1970)). Though driving under the influence is a crime in and of itself, it does not by itself constitute culpable negligence. Beckham v. State, 735 So.2d 1059, 1061(¶ 8) (Miss.Ct.App.1999) (citing Hopson v. State, 615 So.2d 576, 578 (Miss.1993)). However, the operation of an automobile while under the influence is rightly considered a factor "indicating criminally culpable negligence if the influence of intoxicants proximately contributed both to the negligence of the defendant and to the resulting death." Hopson, 615 So.2d at 578. Considering the disparate levels of negligence required by the aggravated DUI and culpable negligence manslaughter statutes, the two offenses do not truly share an element. Thus, double jeopardy principles do not bar Ramage's conviction on both charges.
¶ 7. Ramage's reliance on the Mississippi Supreme Court case of Mayfield v. State, 612 So.2d 1120 (Miss.1992), is misplaced; in fact, Mayfield undermines Ramage's contention that he was convicted twice for the same offense. The criminal defendant in Mayfield was convicted of two counts of aggravated DUI, one for each person killed in the accident giving rise to the criminal charges. The supreme court held that Mayfield could not be convicted for two counts of aggravated DUI because the statute proscribed the act of driving while intoxicated rather than the act of killing. Mayfield, 612 So.2d at 1128; see also Matlock v. State, 732 So.2d 168, 171(¶ 11) (Miss.1999). Because Mayfield only committed one act of driving while intoxicated, the court reasoned he could not be convicted twice for that act. Unlike Mayfield, Ramage was charged with two separate and distinct offenses and can be punished for each. Further, the supreme court has made it clear that had Ramage been indicted and convicted on two counts of culpable negligence manslaughter, the charges would not have violated double jeopardy. In such an instance, each killing constitutes a separate offense for which the defendant may be tried and convicted. See Burton v. State, 226 Miss. 31, 48, 79 So.2d 242, 250 (1955).[1]
¶ 8. Finding no double jeopardy violation in the present case, we find Ramage's assignment of error to be without merit.

II. WHETHER RAMAGE'S INDICTMENT WAS FATALLY DEFECTIVE.
¶ 9. Section 169 of the Mississippi Constitution of 1890 requires that all indictments conclude with the language "against the dignity and peace of the State." Ramage claims that because the first count of his indictment ended with this language, the second count of the indictment was ineffective. He asserts that the trial court had no authority to accept his guilty plea on the second count (culpable *278 negligence manslaughter) because of this supposed infirmity.
¶ 10. The record shows that the language "against the peace and dignity of the State of Mississippi" appears at the end of both counts in the indictment. This Court has held that the use of this language at the end of each count in an indictment does not render the indictment defective. McCullen v. State, 786 So.2d 1069, 1075 (¶¶ 10-13) (Miss.Ct.App.2001). Further, we note that Ramage waived this issue by the entry of his valid guilty pleas. See Brooks v. State, 573 So.2d 1350, 1355 (Miss.1990) (holding all non-jurisdictional defects waived by knowing and voluntary guilty plea). Ramage's challenge to his indictment is without merit.

III. WHETHER THE TRIAL COURT'S SENTENCING ORDER WAS IMPROPER.
¶ 11. Ramage claims that the trial judge violated section 99-7-2 of the Mississippi Code by entering a single order sentencing Ramage for both of the offenses for which he was convicted. The relevant portion of the statute reads as follows:
(3) When a defendant is convicted of two (2) or more offenses charged in separate counts of an indictment, the court shall impose separate sentences for each such conviction.
(4) The jury or the court, in cases in which the jury is waived, shall return a separate verdict for each count of an indictment drawn under subsection (1) of this section.
Miss.Code Ann. § 99-7-2(3)-(4) (Rev. 2000).
¶ 12. A review of the record makes it clear to this Court that the sentencing order was proper. The circuit court imposed separate sentences for each count of the indictment. We find that Ramage's argument is without merit.

IV. WHETHER RAMAGE SUFFERED FROM INEFFECTIVE ASSISTANCE OF COUNSEL.
¶ 13. Ramage claims that he was denied effective assistance of counsel because (1) his attorney did not advise him that the charges against him violated double jeopardy principles and (2) because his counsel did not inform him that the indictment against him was defective. Ramage states that he would not have pled guilty had he been properly advised of these improprieties.
¶ 14. Ineffective assistance of counsel claims are judged by the standard set forth in Strickland v. Washington, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). Under Strickland, in order to prevail on his ineffective assistance claim, Ramage must show that (1) his counsel's performance was deficient, and (2) that the deficient performance prejudiced his defense. "Unless a defendant makes both showings, it cannot be said that the conviction or death sentence resulted from a breakdown in the adversary process that renders the result unreliable." Knox v. State, 901 So.2d 1257, 1261(¶ 11) (Miss. 2005) (quoting Stringer v. State, 454 So.2d 468, 477 (Miss.1984)). Having found above that there was no double jeopardy violation and that the indictment against him was proper, we find that Ramage has failed to prove deficient performance on the part of his counsel.

V. WHETHER RAMAGE'S GUILTY PLEAS WERE ENTERED KNOWINGLY AND VOLUNTARILY.
¶ 15. A guilty plea is deemed to be "voluntary and intelligent" only where the defendant is advised concerning the nature of the charge against him and the consequences of his plea. Wilson v. State, 577 So.2d 394, 396-97 (Miss.1991). Ramage *279 contends that his guilty pleas were not entered knowingly and voluntarily because he did not understand the nature of the charges against him or the consequences of his plea. However, the record convinces us otherwise. Ramage's guilty plea petition informed him of his constitutional rights, the elements of the charges against him and the maximum and minimum sentences he could face. Additionally, at the guilty plea hearing, the circuit court again explained to Ramage his rights, the elements of the charges against him and the maximum and minimum sentences for each charge. Ramage time and again stated that he understood his rights and the nature of the charges against him. Looking to the record, we find no evidence that Ramage's pleas were entered other than knowingly and voluntarily.
¶ 16. THE JUDGMENT OF THE CIRCUIT COURT OF RANKIN COUNTY DENYING POST-CONVICTION RELIEF IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO RANKIN COUNTY.
KING, C.J., BRIDGES AND LEE, P.JJ., IRVING, MYERS, CHANDLER, GRIFFIS AND ISHEE, JJ., CONCUR.
NOTES
[1] Since Ramage's conviction, the aggravated DUI statute has been amended so that each instance of death or mutilation now gives rise to a separate felony. See Miss.Code Ann. § 63-11-30(5) (Rev.2004).