ISHEE, J.,
for the Court:
¶ 1. On July 14, 2009, Darrian Ragland was convicted in the Circuit Court of Coa-homa County of burglary of a dwelling and petit larceny. Ragland appeals his conviction and asks this Court to consider whether he was denied effective assistance of counsel and whether the circuit court erred in denying his motion for a judgment not withstanding the verdict or new trial, alleging the verdict of the jury was against the overwhelming weight of the evidence. Finding no reversible error, we affirm.
FACTS
¶2. On March 27, 2004, Ragland, a nighttime intruder, broke and entered through the window of the dwelling of Kimberly Yarbrough. Ragland slipped into Yarbrough’s bedroom and then her bed. Yarbrough’s children were also in the bedroom. Ragland began running his hands through Yarbrough’s hair and along her leg and demanded, in no uncertain terms, sexual intercourse. Yarbrough jumped out of the bed and grabbed a small pistol from a drawer. By this time, Yarbrough’s children were awake, crying, and screaming, and, after a short struggle for the gun, Ragland left the house taking Yarbrough’s gun with him.
¶ 3. At trial, the police presented three witnesses; Yarbrough, who testified she recognized Ragland and furnished his name to police; Norman Starks, Sergeant of Investigations with the Clarksdale Police Department, and the first to interview Yarbrough; and Joseph Wide, a Clarks-dale police officer, who testified that he had witnessed Ragland on Barnes Street (the street where the incident occurred) approximately two hours before the break-in.
¶ 4. During Starks’s initial interview with Yarbrough, it was discovered that a cooler was stacked on top of a chair leading to the living room window. The window, approximately ten feet above the ground, was discovered to be propped *1044 open with a stick and the window-screen had been cut. The bedroom lamp, normally kept on the bedside table, had been unplugged and removed from the table.
¶ 5. At the close of the State’s evidence, Ragland moved for a directed verdict on the ground that the State had failed to prove each element of the case. This motion was denied. After being advised of his right to testify, Ragland, against the advice of his attorney, insisted on testifying. He asserted a general denial defense and further claimed that he was not in the State of Mississippi, but rather in Ohio. Ragland claimed that he had been living in Ohio for the past six years.
¶ 6. A jury returned a unanimous guilty verdict as to both the burglary charged in count I and the larceny charged in count II. Ragland was subsequently sentenced to twenty-five years for the burglary, and six months for the larceny. Ragland then filed a motion for judgment notwithstanding the verdict, claiming the verdict was against the overwhelming weight of the evidence. This motion was also denied. Aggrieved, he now files this appeal.
DISCUSSION

I. Ineffective Assistance of Counsel

¶ 7. Ragland argues that he received ineffective assistance of counsel. He raises the issue for the first time on appeal. Ragland asserts that his trial counsel committed twelve errors of both commission and omission sufficient to render his representation at trial ineffective.
¶ 8. While this Court may consider the merits of a claim of ineffective assistance of counsel raised for the first time on direct appeal, it is unusual to do so because “[w]e are limited to the trial court record in our review of the claim and there is usually insufficient evidence within the record to evaluate the claim.” Wilcher v. State, 863 So.2d 776, 825 (¶ 171) (Miss.2003) (citing Aguilar v. State, 847 So.2d 871, 878 (¶ 17) (Miss.Ct.App.2002)). The Mississippi Supreme Court instructs that, on direct appeal, the entire record should be reviewed. Read v. State, 430 So.2d 832, 841 (Miss.1983). This Court will reach the merits of an ineffective-assistance claim only in instances where: “(1) the record affirmatively shows ineffectiveness of constitutional dimensions, or (2) the parties stipulate that the record is adequate to allow the appellate court to make the finding without consideration of the findings of fact of the trial judge.” Wilcher, 863 So.2d at 825 (¶ 171) (citations omitted). Where the record is insufficient to support a claim of ineffective assistance of counsel, “[t]he appropriate conclusion is to deny relief, preserving the defendant’s right to argue the same issue through a petition for post-conviction relief.” Aguilar, 847 So.2d at 878 (¶ 17) (citing Read, 430 So.2d at 837).
¶ 9. Here, there is no stipulation made by the parties as to the record. Our review then is focused on determining whether the record affirmatively demonstrates that Ragland was denied the effective assistance of counsel. The relevant inquiry is whether the representation of Ragland was “so lacking in competence that it becomes apparent or should be apparent that it is the duty of the trial judge to correct it so as to prevent a mockery of justice.” Ransom v. State, 919 So.2d 887, 889 (¶ 9) (Miss.2005) (quoting Parham v. State, 229 So.2d 582, 583 (Miss.1969)).
¶ 10. To prove a claim of ineffective assistance of counsel, a defendant must show: (1) that his defense counsel’s performance was deficient, and (2) that the deficient performance was prejudicial to his defense. Strickland v. Washington, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984); Swington v. State, 742 *1045 So.2d 1106, 1114 (¶ 22) (Miss.1999). “The determination of whether counsel’s performance was both deficient and prejudicial must be determined from the ‘totality of the circumstances.’ ” Cole v. State, 666 So.2d 767, 775 (Miss.1995) (citation omitted). The defendant bears the burden of proving both prongs of the Strickland test and faces a rebuttable presumption “that trial counsel’s conduct is within the wide range of reasonable conduct and that decisions made by counsel are strategic.” Edwards v. State, 615 So.2d 590, 596 (Miss.1993) (citing Leatherwood v. State, 473 So.2d 964, 969 (Miss.1985)). To rebut this presumption, “the defendant must show that, but for counsel’s unprofessional errors, the result of the proceedings would have been different.” Strickland, 466 U.S. at 694, 104 S.Ct. 2052.
¶ 11. The record does not affirmatively show ineffective assistance of counsel to a degree of constitutional dimensions. Ragland’s allegations of fault as to his attorney could be classified as trial strategy. Regardless, even if Ragland’s attorney’s actions were not part of trial strategy, Ragland is still unable to show prejudice.[1] A complaint regarding counsel’s failure to ask certain questions, or make certain objections, falls within the ambit of trial strategy. Houston v. State, 887 So.2d 808, 815 (¶34) (Miss.Ct.App.2004) (citing Cole v. State, 666 So.2d 767, 777 (Miss.1995)). As this Court generally defers to counsel’s judgment at trial, we are reluctant to define counsel’s trial strategy as ineffective assistance of counsel in such matters. Id. Further, because we cannot address several of Ragland’s ineffective-assistance-of-counsel allegations due to lack of evidence in the record, we find that his ineffective-assistance claim would be more appropriately brought in a petition for post-conviction relief, if he chooses to do so. Accordingly, we deny relief on this issue without prejudice.

II. Legal Sufficiency and Weight of the Evidence

¶ 12. The trial court denied Rag-land’s motion for directed verdict and his motion for a judgment notwithstanding the verdict. Aggrieved, Ragland now appeals those denials, asserting that no rational trier of fact could have found that the State proved every element of the crime with which he was charged, or, in the alternative, that the verdict returned is against the overwhelming weight of the evidence. We find no merit to either claim.
¶ 13. A trial court’s denial of a motion for directed verdict challenges the legal sufficiency of the evidence presented. In reviewing a challenge to the sufficiency of the evidence, we view the evidence in a light most favorable to the non-movant, consider only the evidence that supports the verdict, and give the benefit of all favorable inferences that may be reasonably drawn from the evidence. Dilworth v. State, 909 So.2d 731, 737 (¶20) (Miss.2005). If the evidence was sufficient to establish guilt beyond a reasonable doubt and support a guilty verdict, the denial of the motion for a directed verdict is affirmed. Shelton v. State, 853 So.2d 1171, 1186 (¶ 48) (Miss.2003).
*1046 ¶ 14. When reviewing a denial of a motion for a new trial based on an objection to the weight of the evidence, we will only disturb a verdict when it is so contrary to the overwhelming weight of the evidence that to allow it to stand would sanction an unconscionable injustice. Bush v. State, 895 So.2d 836, 844 (¶ 18) (Miss.2005). We have stated that on a motion for new trial;
The motion, however, is addressed to the discretion of the court, which should be exercised with caution, and the power to grant a new trial should be invoked only in exceptional cases in which the evidence preponderates heavily against the verdict.
Amiker v. Drugs For Less, Inc., 796 So.2d 942, 947 (¶ 18) (Miss.2000). However, the evidence should be weighed in the light most favorable to the verdict. Bush, 895 So.2d at 844 (¶ 18). A reversal on the ground that the verdict is against the overwhelming weight of the evidence, “unlike a reversal based on insufficient evidence, does not mean that acquittal was the only proper verdict.” McQueen v. State, 423 So.2d 800, 803 (Miss.1982). Rather, the court simply disagrees with the jury’s resolution of the conflicting testimony. Id. This difference of opinion does not signify acquittal any more than a disagreement among the jurors themselves. Id. Instead, the proper remedy is to grant a new trial.
¶ 15. In denying Ragland’s motion for a directed verdict and his motion for a judgment notwithstanding the verdict, the trial court correctly held that the question of Ragland’s identity and intent was a jury question. The jury is under no obligation to believe Ragland’s alibi defense. “Rather, an alibi defense simply raises an issue of fact to be resolved by the jury.” Hughes v. State, 724 So.2d 893, 896 (¶ 18) (Miss.1998).
¶ 16. The resolution of the conflict between the State’s evidence and Ragland’s alibi defense was a question of fact for the jury to resolve. The State’s evidence was ample to support the jury’s verdict, and the jury is not required to accept his alibi defense. There is no merit to these assignments of error.
¶ 17. THE JUDGMENT OF THE COAHOMA COUNTY CIRCUIT COURT OF CONVICTION OF COUNT I, BURGLARY OF A DWELLING, AND SENTENCE OF TWENTY-FIVE YEARS; AND COUNT II, PETIT LARCENY, AND SENTENCE OF SIX MONTHS TO RUN CONSECUTIVELY TO THE SENTENCE IN COUNT I, ALL IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS, IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO COAHO-MA COUNTY.
KING, C.J., LEE AND MYERS, P.JJ., IRVING, GRIFFIS, BARNES AND CARLTON, JJ., CONCUR. MAXWELL, J., CONCURS IN PART AND IN THE RESULT WITHOUT SEPARATE WRITTEN OPINION. ROBERTS, J., CONCURS IN RESULT ONLY WITHOUT SEPARATE WRITTEN OPINION.

. In all, Ragland asserts twelve errors: (1) failure to exclude prior convictions; (2) failure to move for a speedy trial; (3) failure to object to jury composition; (4) failure to give opening statement; (5) withdrawal of valid objections; (6)failure to renew objection with regard to "victim”; (7) reprimanded for over-aggression toward witness; (8) interviewed witness on the morning before trial; (9) introduced incriminating evidence; (10) failure to mount effective defense; (11) failure to object to closing statement; and (12) closing statement changed defense.