726 So.2d 223 (1998)
Ronnie WARD, Appellant,
v.
STATE of Mississippi, Appellee.
No. 97-KA-01068 COA.
Court of Appeals of Mississippi.
December 30, 1998.
Sim C. Dulaney, Jr., Port Gibson, Attorney for Appellant.
Office of the Attorney General by Scott Stuart, Attorney for Appellee.
BEFORE McMILLIN, P.J., HERRING AND KING, JJ.
*224 HERRING, J., for the Court:
¶ 1. Ronnie Ward was convicted by a jury in the Circuit Court of Claiborne County, Mississippi, of burglary of a dwelling and burglary of an automobile. Ward challenges his conviction on the basis of the sufficiency and the weight of the evidence. We find that these assignments of error are without merit, and therefore, we affirm.

A. THE FACTS
¶ 2. During the early morning hours of February 24, 1997, Grover Anderson was awakened by sounds that emanated from the upper level of his residence in Hermanville, Mississippi. Anderson, who was alone at the time, decided to investigate the cause for the disturbance. As he proceeded to the upper level of the residence, Anderson noticed that an exterior door had been "kicked in", and he observed an individual on the balcony. The upstairs room was in complete disarray. Anderson then heard a noise in the lower level of the residence. As he hurried down the stairs, Anderson discovered that his front door had also been "kicked in", and he found an individual standing in the living room of his residence. The unknown individual quickly fled from the residence, and Anderson pursued the suspect down the street. Anderson tackled the individual and held him down in front of his residence.
¶ 3. While Anderson held the individual, whom he recognized as a member of the Ward family, down in the street, he questioned the individual about his presence in the residence. Anderson informed the individual that he would not notify law enforcement authorities of the incident if he would return the stolen items. According to Anderson, the individual admitted that he had broken into Anderson's residence as well as his Geo Tracker automobile and had taken several items. The individual stated that he had a drug problem, and he informed Anderson that there was another bag of stolen items located down the street in a ditch. Shortly thereafter, Anderson released the individual and contacted the Claiborne County Sheriff's Department. Anderson recovered a bag that contained the items taken from his residence; however, he never located the items that were stolen from his automobile.
¶ 4. Deputy DeWayne Thomas responded to the call and completed an investigative report. Deputy Thomas noted that both the automobile and the residence had been burglarized; however, he did not check for fingerprints because Anderson had handled the property and the other items. Anderson subsequently identified the suspect as Ronnie Ward based on a scar he remembered on the suspect's forehead.
¶ 5. Ward was tried and convicted of burglary of a dwelling and burglary of an automobile in the Circuit Court of Claiborne County, Mississippi. The trial court judge sentenced Ward to serve twelve years for burglary of a dwelling and five years for burglary of an automobile to run concurrently in the custody of the Mississippi Department of Corrections.

B. THE ISSUES
¶ 6. Ward raises the following assignment of error on appeal which is taken verbatim from his brief:

I. WHETHER THE VERDICT OF THE JURY IS CONTRARY TO THE OVERWHELMING WEIGHT OF THE EVIDENCE SO THAT THE TRIAL JUDGE SHOULD HAVE GRANTED THE [SIC] RONNIE WARD'S, ORE TENUS MOTION FOR A DIRECTED VERDICT AT THE CONCLUSION OF THE STATE'S CASE IN CHIEF OR IT SHOULD HAVE GRANTED THE [SIC] RONNIE WARD'S MOTION FOR A JUDGMENT NOTWITHSTANDING THE VERDICT OR GRANTED THE [SIC] RONNIE WARD'S ALTERNATIVE MOTION FOR A NEW TRIAL?
¶ 7. The assignments of error raised by Ward are, in effect, a challenge to the sufficiency and the weight of the evidence presented by the State during the trial. An appellate court reviews a trial court's ruling on the sufficiency and the weight of the evidence on the last occasion when the trial court considered such motions. Accordingly, we will review the trial court's decision on Ward's challenge to the sufficiency of the evidence following his motion for a judgment *225 notwithstanding the verdict. The objection to the weight of the evidence will be examined as a result of Ward's motion for a new trial. We will address each assignment of error in sequence.

C. ANALYSIS

I. DID THE TRIAL COURT ERR IN DENYING WARD'S MOTION FOR A JUDGMENT NOTWITHSTANDING THE VERDICT?
¶ 8. Ward alleges that the trial court erred in denying his motion for a judgment notwithstanding the verdict. He contends that the evidence presented by the State failed to prove beyond a reasonable doubt that he was guilty of burglary of a dwelling and burglary of an automobile. Specifically, Ward asserts that there was no direct evidence presented by the State to establish that he broke into the residence or the automobile owned by Grover Anderson.
¶ 9. Ward was indicted for burglary of an inhabited dwelling under Section 97-17-23 which provides in relevant part: "Every person who shall be convicted of breaking and entering the dwelling house or inner door of such dwelling house of another ... with intent to commit some crime ... shall be punished by imprisonment...." Miss.Code Ann. § 97-17-23 (Supp.1998). The indictment also alleged that Ward was guilty of burglary of an automobile under Section 97-17-33 which states: "Every person who shall be convicted of breaking and entering, in the day or night, any ... automobile ... with intent to steal therein, or commit any felony... shall be guilty of burglary...." Miss. Code Ann. § 97-17-33 (Rev.1994).
¶ 10. The crime of burglary consists of two essential elements: (1) the unlawful breaking and entering; and (2) the intent to commit a crime once entry has been gained. Ashley v. State, 538 So.2d 1181, 1183 (Miss. 1989). To support a conviction for burglary, the State must present sufficient evidence to establish each element of the crime. In reviewing the trial court's denial of a motion for a judgment notwithstanding the verdict, this Court reviews the sufficiency of the evidence in the light most favorable to the State. McClain v. State, 625 So.2d 774, 778 (Miss.1993). All credible evidence which is consistent with Ward's guilt must be accepted as true, and the State is given the benefit of all favorable inference that may be reasonably drawn from the evidence. Id.
¶ 11. In the case sub judice, Ward does not dispute that a burglary occurred at the Anderson residence or that the automobile owned by Anderson was burglarized during the early morning hours of February 24, 1997. Rather, Ward argues that there was insufficient evidence to connect him to the two burglaries. However, after reviewing the record, we find that there was sufficient, credible evidence to support each element of the offenses. Grover Anderson testified that he was awakened during the night by sounds that originated from the upper level of his residence. When Anderson proceeded upstairs to investigate the source of the noise, he noticed that an exterior door had been "kicked in", and he observed an individual going down the balcony. Anderson rushed down the stairs, found the individual standing in his living room, and chased him down the street. After Anderson captured and detained the individual, Anderson testified that the suspect admitted that he had broken into the residence and into the automobile because he suffered from a drug problem. Anderson recovered several personal items that the intruder had stolen from his residence. However, Anderson did not find some of the items that were taken from the automobile.
¶ 12. Deputy DeWayne Thomas, the investigating officer, testified that the residence and the automobile exhibited signs of a forced entry. Deputy Thomas stated that two doors of the residence were "kicked in" and the soft cover of the automobile had been torn back to provide access to the inside of the vehicle. The officer admitted that he did not attempt to collect fingerprints because Anderson had handled the various items. Furthermore, Deputy Thomas testified that Anderson identified the perpetrator of the crimes as Ronnie Ward. At the trial, Anderson again positively identified Ward as the individual he observed on the night in question based on a scar he noticed on *226 Ward's forehead. Based on the evidence before us, we find that the trial court did not abuse its discretion in denying Ward's motion for a judgment notwithstanding the verdict.

II. DID THE TRIAL COURT ERR IN DENYING WARD'S MOTION FOR A NEW TRIAL?
¶ 13. In his next assignment of error, Ward contends that the trial court erred in denying his alternative motion for a new trial because the jury's verdict was against the overwhelming weight of the evidence. He asserts that the only evidence connecting him to the burglaries committed during the early morning hours of February 24, 1997, was the testimony of Grover Anderson. Ward argues that he was with several of his friends at the Waffle House in Vicksburg, Mississippi, during the requisite time period when the crimes occurred, and therefore, it was impossible for him to have committed the crimes.
¶ 14. On appeal from the trial court's denial of a motion for a new trial, this Court views all of the evidence in the light most consistent with the jury's verdict. Strong v. State, 600 So.2d 199, 204 (Miss. 1992). A motion for a new trial should only be granted to prevent an unconscionable injustice. McClain v. State, 625 So.2d 774, 781 (Miss.1993). Accordingly, we will reverse and remand for a new trial only upon reaching the conclusion that the trial court abused its discretion in failing to grant a new trial. Herring v. State, 691 So.2d 948, 957 (Miss. 1997).
¶ 15. During the trial, Ward along with two other defense witnesses testified that it was impossible for him to have committed the burglaries. On the night in question, Ward testified that he departed from Hermanville, Mississippi, at approximately ten o'clock in the evening and traveled with several friends to the Waffle House Restaurant located in Vicksburg, Mississippi. Ward stated that he remained with his friends at the restaurant until around two o'clock in the morning. According to Ward, the driving distance from Hermanville to Vicksburg was about an hour by automobile.
¶ 16. In the face of Ward's assertion that he did not commit the burglaries, the jury heard the testimony of Grover Anderson who testified to facts that would indicate to the contrary. Anderson stated that he recognized the intruder as a member of the Ward family, and he remembered the distinctive scar on the suspect's forehead. During the trial, Anderson positively identified Ward as the intruder he later tackled in the street. On cross-examination, Anderson stated that he was absolutely certain that Ward burglarized his residence and his automobile. Furthermore, Mex Beasley, a rebuttal witness for the State, testified that he had a conversation with Ward relating to the burglaries. Beasley stated that he subsequently informed Ward that Anderson had filed a complaint against him based on the crimes. According to Beasley, Ward alleged that he had "straightened out" the charges with Anderson and he had agreed drop the charges. Beasley acknowledged on cross-examination that Ward never explicitly admitted that he had committed the burglaries.
¶ 17. We find that the jury was entitled to conclude, after hearing all of the testimony, that the proof established that Ward committed the burglaries during the early morning hours of February 24, 1997. As the trier of fact, the jury is charged with assessing the credibility of the witnesses and determining what weight to give their testimony. Consequently, we find that the verdict was not against the overwhelming weight of the evidence.
¶ 18. THE JUDGMENT OF THE CIRCUIT COURT OF CLAIBORNE COUNTY OF CONVICTION OF COUNT I BURGLARY OF A DWELLING AND SENTENCE OF TWELVE YEARS; COUNT II BURGLARY OF AN AUTOMOBILE AND SENTENCE OF FIVE YEARS TO RUN CONCURRENTLY WITH COUNT I AND REVOCATION ORDER IN CAUSE NUMBER 4936, ALL IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO CLAIBORNE COUNTY.
*227 BRIDGES, C.J., McMILLIN and THOMAS, P.J., and COLEMAN, DIAZ, HINKEBEIN, KING, PAYNE and SOUTHWICK, JJ. concur.