811 So.2d 477 (2002)
Nathaniel CLAY a/k/a Nick Clay a/k/a Nathan Clay a/k/a Nickdaniel Clay and Charles Wilson, Appellants
v.
STATE of Mississippi, Appellee.
No. 2000-KA-00592-COA.
Court of Appeals of Mississippi.
March 19, 2002.
*478 Allan D. Shackelford, Clarksdale, Darnell Felton, attorneys for appellants.
Office of the Attorney General by Jean Smith Vaughan, attorney for appellee.
Before KING, P.J., THOMAS, and MYERS, JJ.
KING, P.J., for the Court.
¶ 1. Nathan Clay a/k/a Nick Clay and Charles Wilson were indicted December 6, 1999, for aiding and abetting or acting in concert with one another to commit the crime of strong-armed robbery against Carl Thomas on August 21, 1999. Clay was sentenced to serve a term of fifteen years in the custody of the Mississippi Department of Corrections with six years of post-release supervision after having served nine years and ordered to pay $346.50 in restitution fees, court costs in the amount of $498 and a $25 supervisory fee. Wilson was sentenced to serve a term of eleven years in the custody of the Mississippi Department of Corrections, with six years suspended after having served five years and ordered to pay the same amounts in restitution fees and court costs as Clay. Clay asserts issues I and II on appeal. Wilson asserts issues II and III on appeal:
I. Whether the guilty verdict for robbery lacked sufficient evidence to support the robbery of $673.00 and the motion for a judgment notwithstanding the verdict should have been granted.
II. Whether the guilty verdict for robbery went against the overwhelming weight of the evidence against the robbery of $673.00 and the motion for a new trial should have been granted.
III. Whether a mistrial should have been granted.

FACTS
¶ 2. On August 21, 1999, Thomas was traveling down the 600 block of Grant Street in Clarksdale, Mississippi. According *479 to Thomas, he was an employee at the Hollywood Casino who had just been paid and had cash in his pocket. Thomas stated that he was "flagged down by Charles Wilson and Nathan Clay." Thomas stated that after he stopped, Wilson and Clay entered his vehicle and he proceeded to McDonald's. Wilson sat on the back seat and Clay sat on the front passenger seat. After leaving McDonald's, Thomas claimed that Wilson grabbed him from behind and choked him while Clay went into his pocket and took his money ($673). Thomas then went to a pay phone and called the Clarksdale Police Department and notified them of the incident and gave the names of the suspects.
¶ 3. When Officer Haley, the investigating officer, arrived at the scene, he noted that Thomas' shirt had been torn and there was blood around his mouth.
¶ 4. When police went to arrest Clay at his home on 617 Grant Street, he attempted to elude the officers by running into an alley. Wilson and Clay were subsequently arrested by the Clarksdale Police Department and charged with robbery.
¶ 5. According to Clay, he and Wilson were attempting to buy drugs from Thomas, and upon retrieving the drugs from Thomas, the parties jumped out of the car and ran. After listening to all of the evidence presented, the jury found Wilson and Clay guilty as charged.

ISSUES AND ANALYSIS

I.

Whether the guilty verdict for robbery lacked sufficient evidence to support the robbery of $673 and the motion for a judgment notwithstanding the verdict should have been granted.
¶ 6. Clay contends that the verdict of guilty of robbery lacked sufficient evidence. Clay asserts that the State failed to prove the taking of exactly $673 which was an essential element of the crime charged.
¶ 7. When reviewing the sufficiency of the evidence, this Court applies the standard set forth in Brown v. State, 726 So.2d 248 (¶ 8) (Miss.Ct.App.1998), which states:
In appeals from an overruled motion for peremptory instruction and judgment notwithstanding the verdict, the sufficiency of the evidence as a matter of law is viewed and tested in a light most favorable to the State. The credible evidence ... consistent with guilt must be accepted as true. The prosecution must be given the benefit of all favorable inferences that may be reasonably drawn from the evidence. Matters regarding the weight and credibility of the evidence are to be resolved by the jury. We are authorized to reverse only where, with respect to one or more of the elements of the offense charged, the evidence so considered is such that reasonable and fair-minded jurors could only find the accused not guilty. McClain v. State, 625 So.2d 774, 778 (Miss.1993) (citations omitted).
¶ 8. Mississippi Code Annotated Section 97-3-73 (Rev.2000) defines robbery as taking "the personal property of another in his presence or from his person and against his will, by violence to his person or by putting such person in fear of some immediate injury to his person." There is no requirement of proof of the exact amount taken from a robbery. Thomas testified that he had $673, with which he was "going to pay bills with," in his possession at the time of the incident. In its brief, the State suggested that the evidence established that Clay entered Thomas' car and acted with Wilson to choke the victim, place him in fear and *480 forcibly take the money from the victim's pocket.
¶ 9. The jury decides what is to be accepted as fact. Ward v. State, 726 So.2d 223 (¶ 17) (Miss.Ct.App.1998). It found the testimony of Thomas credible and so said by its verdict. There existed a sufficient fact basis in the record upon which this decision could rest. Therefore, we find no merit in this issue.

II.

Whether the guilty verdict for robbery went against the overwhelming weight of the evidence against the robbery of $673 and the motion for a new trial should have been granted.
¶ 10. Clay and Wilson contend that the verdicts were against the overwhelming weight of the evidence, and they should have been granted a new trial.
¶ 11. In determining whether or not a jury verdict is against the overwhelming weight of the evidence, this Court must accept as true the evidence which supports the verdict and will reverse only when it is convinced that the circuit court has abused its discretion in failing to grant a new trial. Brown v. State, 726 So.2d 248 (¶ 16) (Miss.Ct.App.1998).
¶ 12. On this issue, Clay bases his contention on the same reasoning applied in the first issue. He contends that there was not enough evidence to show the amount taken in the alleged robbery. Clay maintains that "what was actually taken" from Thomas had not been identified by anyone other than Thomas himself. The actual amount taken is not a requirement of proof based on the definition of robbery as stated in the first issue.
¶ 13. Wilson's argument regarding this issue is that the only evidence against him was the testimony of Thomas, "who is either the victim or the drug dealer." He contends that the only evidence given by a disinterested witness was the testimony of Willie Jackson, who stated that he saw a small green vehicle pull up to the location identified by Thomas and saw the two defendants talking to Thomas and later get in the car with Thomas.
¶ 14. The Mississippi Supreme Court has stated that:
Once the jury has returned a verdict of guilty in a criminal case, we are not at liberty to direct that the defendant be discharged short of a conclusion on our part that given the evidence, taken in the light most favorable to the verdict, no reasonable, hypothetical juror could find beyond a reasonable doubt that the defendant was guilty. Pearson v. State, 428 So.2d 1361, 1364 (Miss.1983).
The motion for a new trial is a different animal. While the motion for judgment of acquittal notwithstanding the verdict presents to the trial court a pure question of law, the motion for a new trial is addressed to the trial court's sound discretion. Neal v. State, 451 So.2d 743, 760 (Miss.1984). When he moves for a new trial, a defendant in a criminal case necessarily invokes Rule 5.16 of our Uniform Criminal Rules of Circuit Court Practice which in pertinent part provides:
The court on written notice of the defendant may grant a new trial on any of the following grounds:
(1) if required in the interest of justice;
(2) if the verdict is contrary to law or the weight of the evidence.
May v. State, 460 So.2d 778, 781 (Miss. 1984).
¶ 15. We find the trial court's decision to be supported by substantial and credible *481 evidence in the record. Accordingly, this Court finds no merit in this issue.

III.

Whether a mistrial should have been granted.
¶ 16. Wilson contends that a mistrial should have been granted because, Officer Haley referred to the incident as "a robbery." Officer Haley called the incident "a robbery" three times. Objections were made by Wilson's attorney. The objections were sustained. Wilson's attorney then asked for a mistrial. The trial court denied the motion for a mistrial.
"This Court has repeatedly held that the granting of a motion for a mistrial is within the sound discretion of the trial judge." The reviewing court recognizes that the trial judge is in the best position to determine whether an objectionable remark has had any prejudicial effect. For this reason, the trial court is allowed considerable discretion in determining whether a remark was so prejudicial that it warrants a mistrial.
Evidentiary rulings are also within the trial judge's broad discretion and will only be reversed if the reviewing court perceives an abuse of that discretion. Furthermore, even if erroneous, the admission of evidence does not require reversal unless it produces unfair prejudice.
Hall v. State, 785 So.2d 302 (¶ 6) (Miss.Ct. App.2001).
¶ 17. The trial court asked counsel if it was necessary to give a curative instruction for the jury to disregard the officer having called the incident "a robbery." Wilson's attorney responded affirmatively. The court gave as a limiting instruction the following:
THE COURT: Ladies and gentlemen, it's necessary, it's legally necessary that we go into a five-minute recess at this juncture. But before doing so, let me say to you that there has been a reference made to a robbery by the witness. It's up to you, the jury, to determine, at the conclusion of the case, whether or not there was a robbery. So you are not to consider that a robbery has taken place at this point in time. You understand that. So you shall disregard that statement. My question to you is, can you lay that aside?
THE JURY: Yes.
¶ 18. After Officer Haley's testimony, Wilson's attorney renewed the motion for a mistrial. The trial court denied the motion and stated that the jury would determine whether a robbery took place. "The Mississippi Supreme Court has held that admitting out-of-court statements made to the police during the course of their investigations is permissible." Butler v. State, 758 So.2d 1063 (¶ 10) (Miss.Ct.App.2000). In so holding, the Court stated that "[i]t is elemental that a police officer may show that he has received a complaint, and what he did about the complaint without going into details of it." Id. Officer Haley's testimony revealed what he was told by the victim during the course of his investigation. Pursuant to Butler, Officer Haley's testimony was appropriate.
¶ 19. While this testimony was allowable, the trial court undertook appropriate action by instructing the jury on that portion of Officer Haley's testimony which referenced the incident as a robbery. There is no merit in this issue.
¶ 20. THE JUDGMENTS OF THE COAHOMA COUNTY CIRCUIT COURT OF CONVICTION OF NATHAN CLAY AND CHARLES WILSON OF STRONG-ARMED ROBBERY AND SENTENCE OF CLAY TO FIFTEEN YEARS, WITH SIX YEARS OF POST-RELEASE SUPERVISION AND MAKE *482 RESTITUTION TO THE VICTIM IN THE AMOUNT OF $346.50; AND SENTENCE OF WILSON TO ELEVEN YEARS WITH SIX YEARS SUSPENDED AND MAKE RESTITUTION TO THE VICTIM IN THE AMOUNT OF $346.50, ALL IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS ARE AFFIRMED. SENTENCES IMPOSED TO RUN CONSECUTIVELY TO ANY AND ALL PREVIOUS SENTENCES. COSTS OF THIS APPEAL ARE ASSESSED TO COAHOMA COUNTY.
McMILLIN, C.J., SOUTHWICK, P.J., BRIDGES, THOMAS, LEE, IRVING, MYERS, CHANDLER AND BRANTLEY, JJ., CONCUR.