¶ 1. Lashaun Tate was found guilty of the sale of crack cocaine in the Circuit Court of DeSoto County, Mississippi. He was sentenced to serve a term of twenty years in the custody of the Mississippi Department of Corrections and ten years of post-release supervision. Aggrieved by his conviction and sentence, Tate has appealed and raised the following issues:
 I. Whether the verdict of the jury was against the overwhelming weight of the evidence and was not supported by credible evidence. The court erred in denying the motions for directed verdict, peremptory instructions, and a motion for jnov or new trial.
 II. Whether the overruling of hearsay objections by the trial court was in error. The probative value of the hearsay statements was clearly outweighed by the prejudice it brought to the defendant under the federal and state rules of evidence.
 FACTS
¶ 2. On November 4, 1999, Officer Christopher Wright of the DeSoto County Sheriff's Department was working with the narcotics task force. He was working with other narcotics officers and two paid female informants, Tonya Maley and Becky Lott. According to Officer Wright, the informants said they could buy drugs from Lashaun Tate personally. Officer Wright told the informants that if they could not buy from Lashaun Tate, then to buy the controlled substances from any willing seller.
¶ 3. In preparation for the "controlled-buy," Officer Wright put a video camera in the vehicle driven by Maley and put a body wire on each of the informants. Officer Wright stated that he did a "pat down" of the informants to make sure they were not carrying anything else. Officer Wright then gave Maley $65 for the purpose of buying narcotics.
¶ 4. The informants headed to a part of Hernando known as the West End. There they met with Tate. Officer Wright, who listened to the meeting over the radio, heard someone say to the informants "come back later, I'll have it for you in a few minutes." The informants then left and met with Officer Wright to determine their next step. Officer Wright stated that he removed the video cassette from the informant's vehicle and checked the informants for any contraband. Officer Wright also retrieved the $65 initially given to Maley for the purchase of the narcotics. Once Officer Wright decided to continue with the operation, he put another video cassette in the informant's vehicle and re-issued the $65 to Maley.
¶ 5. The informants met with Tate a second time to make the buy. After the buy, Officer Wright met with the informants and received the purchased substance from Maley. Edwina Ard, a drug analyst at the state crime laboratory, confirmed that the items received from the drug buy tested positive for cocaine.
¶ 6. On March 28, 2000, Tate was indicted for the sale of cocaine to Tonya Maley. At trial on August 9, 2000, Tate's attorney moved for a directed verdict after the presentation of the State's evidence. His attorney maintained that the State did not present enough evidence to allow the case to go before the jury. The court denied this motion and determined that the State *Page 557 
made a prima facie case. Tate was found guilty of the sale of a controlled substance. On August 15, 2000, the court found Tate to be an habitual offender pursuant to Mississippi Code Annotated Section 99-19-81
(1972), as amended, sentenced him to twenty years in the custody of the Mississippi Department of Corrections with ten years of post-release supervision, and denied all post-trial motions.
 ISSUES AND ANALYSIS I. Whether the verdict of the jury was against the overwhelming weight of the evidence and was not supported by credible evidence. The court erred in denying the motions for directed verdict, peremptory instructions, and a motion for jnov or new trial.
¶ 7. Tate contends that the verdict is against the overwhelming weight of the evidence. He maintains that proper procedures were not followed by the narcotics agents and that too much weight was given to their testimony. However, Tate does not identify with specificity the procedures which should have been followed in this operation. His brief focuses on the weight accorded the testimony of Agent Wright and whether there were minor discrepancies in the testimony of Wright and the other prosecution witnesses.
¶ 8. Agent Wright testified that he searched the two informants personally before they met with Tate. The informants stated that they were searched by a female officer. Tate suggests that because of this discrepancy, the jury should not have placed as much weight on Wright's testimony. The jury decides what is to be accepted as fact. Ward v.State, 726 So.2d 223 (¶ 17) (Miss.Ct.App. 1998). These minor discrepancies notwithstanding, there existed sufficient credible evidence which the jury could weigh and find Tate guilty.
¶ 9. In determining whether or not a jury verdict is against the overwhelming weight of the evidence, this Court must accept as true the evidence which supports the verdict and will reverse only when it is convinced that the circuit court has abused its discretion in failing to grant a new trial. Isaac v. State, 645 So.2d 903, 907 (Miss. 1994).
¶ 10. Additionally, Tate contends that the trial court erred in denying the motions for directed verdict, peremptory instructions, and a motion for judgment notwithstanding the verdict or a new trial. To determine if the trial court erred in denying the above motions, this Court adheres to the following standard:
 In appeals from an overruled motion for peremptory instruction and judgment notwithstanding the verdict, the sufficiency of the evidence as a matter of law is viewed and tested in a light most favorable to the State. The credible evidence . . . consistent with guilt must be accepted as true. The prosecution must be given the benefit of all favorable inferences that may be reasonably drawn from the evidence. Matters regarding the weight and credibility of the evidence are to be resolved by the jury. We are authorized to reverse only where, with respect to one or more of the elements of the offense charged, the evidence so considered is such that reasonable and fair-minded jurors could only find the accused not guilty.
Brown v. State, 726 So.2d 248 (¶ 8) (Miss.Ct.App. 1998).
¶ 11. The jury's decision was supported by substantial and credible evidence, and therefore this Court is not at liberty to alter that decision. Sanders v. State, 730 So.2d 1154 (¶ 8) (Miss.Ct.App. 1999). *Page 558 
 II. Whether the overruling of hearsay objections by the trial court was in error. The probative value of the hearsay statements was clearly outweighed by the prejudice it brought to the defendant under the federal and state rules of evidence.
¶ 12. Tate contends that the trial court erred by overruling hearsay objections made by his attorney. In his brief, Tate stated that Agent Wright was asked by the prosecution whether there was a known target that the officers were pursuing. Agent Wright responded that the two informants said "they could buy from Tate personally;" but if the informants could not buy from Tate, they were to buy from someone. At this time, Tate's attorney made a hearsay objection which was overruled.
¶ 13. Tate also states that Agent Wright testified that upon the informants' second return, he inquired whether positive contact had been made, to which one of the informants replied, "yeah, I bought some." Another hearsay objection was made regarding this testimony which was overruled by the trial judge.
¶ 14. "Hearsay" is a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted. M.R.E. 801(c). Hearsay is admissible to the extent required to show why an officer acted as he did and was at a particular place at a particular time. Swindle v. State,502 So.2d 652, 657-58 (Miss. 1987).
¶ 15. The informants testified that they were told to buy drugs from someone and they met Tate who sold the drugs to one of them. The audio and video recording of this drug deal was evidence used in addition to the agent's testimony to establish the buy. In this instance, any hearsay violation, would have been harmless error. Nicholson on Behalf ofGollott v. State, 672 So.2d 744, 754 (Miss. 1996).
¶ 16. Upon review of the evidence presented, this Court affirms the decision of the trial court.
¶ 17. THE JUDGMENT OF THE CIRCUIT COURT OF DESOTO COUNTY OFCONVICTION OF SALE OF A CONTROLLED SUBSTANCE, TO-WIT: COCAINE ANDSENTENCE AS AN HABITUAL OFFENDER OF TWENTY YEARS IN THE CUSTODY OF THEMISSISSIPPI DEPARTMENT OF CORRECTIONS AND TEN YEARS OF POST-RELEASESUPERVISION IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO DESOTOCOUNTY.
McMILLIN, C.J., SOUTHWICK, P.J., BRIDGES, THOMAS, LEE, IRVING, MYERS,CHANDLER AND BRANTLEY, JJ., CONCUR.