MAXWELL, J,
for the Court:
¶ 1. Larry Smith seeks post-conviction relief (PCR) from his guilty plea to armed *245 robbery. He insists he did not waive indictment for the armed-robbery charge, and that his attorney was constitutionally deficient for allowing him to plead guilty to an unsubstantiated crime. But after review, we find Smith fails in his burden of presenting a sufficient record to support either of these claimed errors. Thus, we affirm the denial of his PCR motion.
Facts and Procedural History
¶2. On March 8, 2011, a grand jury returned an indictment against Smith for the murder of Jeffrey Shepherd, which included an enhancement for using a firearm during the killing. But rather than plead guilty to murder and face life imprisonment, Smith’s attorney was apparently able to negotiate a more favorable package deal, where Smith would plead guilty to manslaughter, accept the gun enhancement, and also plead guilty to an unindict-ed charge of armed robbery.
¶ 3. On November 10, 2011, Smith filed a plea petition, acknowledging his desire to waive indictment and plead guilty to a bill of information charging him with the armed-robbery of Shepherd. The armed-robbery charge came with a “plea offer” that he serve fifteen years for the robbery, with that sentence to run consecutively to his manslaughter sentence. And that same day, the circuit judge accepted his guilty pleas, and sentenced him to serve fifteen years for manslaughter, five years for the firearm enhancement, and fifteen years for armed robbery, all to run consecutively.
¶4. On March 2, 2012, Smith filed a PCR motion, arguing he was never indicted for armed robbery and he received ineffective assistance of counsel. The circuit court denied his PCR motion, and Smith appealed.
Discussion
¶ 5. In reviewing the denial of a PCR motion, “we review the trial court’s findings of fact for clear error and its determinations of law de novo.” Wilkerson v. State, 89 So.3d 610, 613 (¶ 7) (Miss.Ct.App.2011). The burden is on the PCR movant to show he or she is entitled to relief by a preponderance of the evidence. Id. We affirm dismissals or denials of PCR motions when the movant fails to demonstrate “a claim procedurally alive substantially showing the denial of a state or federal right.” Id. at 614 (¶ 7).

I. Waiver of Indictment

¶ 6. This case turns on the evidence or, more precisely, the lack thereof, supporting Smith’s PCR claim. Mississippi law is unmistakably clear that the PCR movant “bears the burden of presenting a record which is sufficient to undergird his assignments of error.” Williams v. State, 522 So.2d 201, 209 (Miss.1988) (citing Peterson v. State, 518 So.2d 632, 638 (Miss.1987)); Winters v. State, 473 So.2d 452, 457 (Miss.1985). But here, Smith has not done so.
¶ 7. Article 3, Section 27 of Mississippi’s Constitution allows the State to proceed against a defendant “by information ... where a defendant represented by counsel by sworn statement waives indictment[.]” Though Smith argues he did not voluntarily waive indictment before pleading guilty to armed robbery, he has not included a plea-hearing transcript to support his involuntary-plea claim, and his recent assertions are contrary to his prior sworn representations.
¶ 8. In denying the PCR motion, the circuit judge noted Smith was advised he was pleading guilty to an information and voluntarily signed a waiver of indictment. And we find Smith’s self-interested and unsupported claims are insufficient to *246 overcome his prior contradictory representations in his plea petition — that he had “been indicted or ... waived indictment ... on a Bill of Information and wish[ed] to enter a plea of guilty” to the cited charge — “armed robbery.” Thus, we find Smith fails to meet his burden of showing the denial of a constitutional right.

II. Ineffective Assistance of Counsel

¶9. Smith next claims his guilty plea was involuntary because his attorney allowed him to plead guilty to an unsubstantiated charge. To prove ineffective assistance of counsel, Smith must show: (1) his counsel’s performance was deficient, and (2) this deficiency prejudiced his defense. Strickland v. Washington, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). The burden remains with Smith to show both prongs. McQuarter v. State, 574 So.2d 685, 687 (Miss.1990). And under Strickland, there is a strong presumption that counsel’s performance falls within the range of reasonable professional assistance. Strickland, 466 U.S. at 689, 104 S.Ct. 2052.
¶ 10. Smith’s two-fold attack on his attorney is somewhat confusing. First, he is apparently arguing that his attorney should have recognized he was not indicted for armed robbery and that he could not be convicted of the uncharged offense. But as mentioned, Mississippi’s Constitution allows a defendant, who is represented by counsel, to waive formal indictment and to proceed on a bill of information. Miss. Const, art. 8, § 27. So Smith’s failure to designate a sufficient record to disprove his knowing waiver of indictment is fatal not only to his involuntariness claim but also to this portion of his ineffective-assistance-of-counsel claim. Because Smith cannot overcome the presumption that it was reasonable for his attorney to negotiate a sentence far below the life sentence Smith faced had he gone to trial on the murder charge, his first argument rings hollow.
 ¶ 11. His second challenge is essentially that his lawyer should not have allowed him to plead guilty to an uncharged crime, because its elements could not be met. As Smith sees it, by not citing the specific amount of money Smith allegedly stole at gunpoint from Shepherd, the State missed a required element of armed robbery — a substantive weakness his lawyer should have caught. But “[tjhere is no requirement in the armed robbery statute that the property taken have any particular value.” Woods v. State, 883 So.2d 583, 587 (¶ 10) (Miss.Ct.App.2004) (citing Clay v. State, 811 So.2d 477, 479 (¶ 8) (Miss.Ct.App.2002)). The only requirement is that the personal property not belong to the accused. Id. (citing Miss.Code Ann. § 97-3-79 (Rev.2000)). And in the plea petition, the armed-robbery charge described that Smith unlawfully took “the personal property, currency of an unknoum value, of Jeffery Shepherd from his person by violence to his person through the use of a deadly weapon, a gun.” (Emphasis added). Thus, the property element was sufficiently pled. So the deficiency prong was not met.

III. Unpled Claim

¶ 12. Smith also urges that he suffered from a mental illness and was taking prescription medications at the time of the plea hearing. However, this claim was raised for the first time on appeal. Because Smith failed to raise it in his PCR motion and it was not before the circuit judge, it is procedurally barred from our review. See Bell v. State, 117 So.3d 661, 663 n. 1 (Miss.Ct.App.2013) (citing Hamilton v. State, 44 So.3d 1060, 1065 (¶ 15) (Miss.Ct.App.2010)). Still, aside from this bar, like his other allegations, this claim is *247 also self-serving and unsupported by record evidence. McCray v. State, 107 So.3d 1042, 1046 (¶ 15) (Miss.Ct.App.2012). It also contradicts his sworn representation in his plea petition that he was “mentally competent, and not ... under the influence of any drugs or alcohol,” when requesting the court’s permission to waive indictment and plead guilty to the armed-robbery charge.
¶ 13. For these various reasons, we deny Smith’s PCR motion.
¶ 14. THE JUDGMENT OF THE WASHINGTON COUNTY CIRCUIT COURT DENYING THE MOTION FOR POST-CONVICTION RELIEF IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO WASHINGTON COUNTY.
LEE, C.J., IRVING AND GRIFFIS, P.JJ., BARNES, ISHEE, ROBERTS, CARLTON, FAIR AND JAMES, JJ„ CONCUR.