# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2015-CP-00263-COA

DONALD CHAMBLISS A/K/A DONALD
GREGORY CHAMBLISS A/K/A GREG
CHAMBLISS A/K/A DONALD G. CHAMBLISS

APPELLANT

v.

STATE OF MISSISSIPPI

APPELLEE

| | |
|---|---|
| DATE OF JUDGMENT: | 02/02/2015 |
| TRIAL JUDGE: | HON. LESTER F. WILLIAMSON JR. |
| COURT FROM WHICH APPEALED: | LAUDERDALE COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | DONALD CHAMBLISS (PRO SE) |
| ATTORNEY FOR APPELLEE: | OFFICE OF THE ATTORNEY GENERAL BY: JEFFREY A. KLINGFUSS |
| NATURE OF THE CASE: | CIVIL - POSTCONVICTION RELIEF |
| TRIAL COURT DISPOSITION: | DISMISSED MOTION FOR POSTCONVICTION RELIEF |
| DISPOSITION: | AFFIRMED - 04/19/2016 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**BEFORE IRVING, P.J., CARLTON AND JAMES, JJ.**

**CARLTON, J., FOR THE COURT:**

¶1.     A Lauderdale County grand jury indicted Donald Chambliss for sale of

methamphetamine, as a subsequent and habitual offender.[1]  Chambliss pled guilty, and the

trial court sentenced him to "eight years in the custody of the [Mississippi Department of

---

[1] The grand jury indicted Chambliss for sale of methamphetamine within fifteen hundred feet of a church in violation of Mississippi Code Annotated sections 41-29-139 (Supp. 2015) and 41-29-142 (Rev. 2013).  After a making a plea bargain with the State, Chambliss pleaded guilty to the section 41-29-139 sale-of-methamphetamine charge.

Corrections (MDOC)] as a habitual offender under [Mississippi Code Annotated section] 99-19-81 [(Rev. 2015)] without the possibility of such sentence being reduced or suspended nor to be eligible for early release, with three years suspended, followed by five years of postrelease supervision."[2] The trial court further ordered Chambliss to pay fines and court fees.

¶2. Chambliss filed a motion for postconviction relief (PCR), which the trial court ultimately dismissed. Chambliss now appeals, raising the following assignments of error: (1) his guilty plea was not entered voluntarily, knowingly, and intelligently; (2) he received an illegal sentence; and (3) he received ineffective assistance of counsel. Finding no error, we affirm the trial court's judgment dismissing Chambliss's PCR motion.

**FACTS**

¶3. On May 19, 2014, Chambliss pleaded guilty to selling methamphetamine on December 12, 2012, in violation of Mississippi Code Annotated section 41-29-139. At the May 19, 2014 plea hearing, Chambliss testified that he submitted his plea freely and voluntarily. During the plea colloquy, Chambliss also confirmed that he sold methamphetamine on December 12, 2012, and admitted that he was convicted of at least two prior felonies.

¶4. In his plea petition, Chambliss again affirmed that he entered his guilty plea "freely and voluntarily and of [his] own accord and with full understanding of all matters set forth

---

[2] We acknowledge that the trial court determined Chambliss to be a habitual offender in accordance with section 99-19-81, but then suspended three years of the imposed sentence. Hence, Chambliss received an illegally lenient sentence since he failed to receive the maximum sentence for his crimes, as required by section 99-19-81.

in the indictment and in [the plea] petition." Chambliss further acknowledged that he believed his attorney "ha[d] done all that anyone could do to counsel and assist" Chambliss, and Chambliss stated that he was "satisfied with the advice and help" from his attorney.

¶5. At the July 30, 2014 sentencing hearing, the trial court sentenced Chambliss to serve "eight years in the custody of the [MDOC] as a habitual offender under [section] 99-19-81 without the possibility of such sentence being reduced or suspended nor to be eligible for early release, with three years suspended, followed by five years of postrelease supervision." The trial judge instructed that after Chambliss served five years in the custody of the MDOC, he is remanded to the supervision of MDOC staff to serve the postrelease-supervision portion of his sentence.

¶6. On February 2, 2015, Chambliss filed a PCR motion, which the trial court dismissed. This appeal followed.

## STANDARD OF REVIEW

¶7. "When reviewing a lower court's decision to deny a [PCR motion], this Court will not disturb the trial court's factual findings unless they are found to be clearly erroneous. However, where questions of law are raised, the applicable standard of review is de novo." *Mann v. State*, 73 So. 3d 564, 565 (¶4) (Miss. Ct. App. 2011).

¶8. Additionally, "the burden of proving factual allegations in support of the [PCR] motion is upon the defendant." *McClendon v. State*, 539 So. 2d 1375, 1377 (Miss. 1989).

## DISCUSSION

### I. Guilty Plea

3

¶9.	Chambliss argues that his guilty plea was not entered voluntarily, knowingly, and intelligently.  Chambliss admits that he signed the plea petition affirming his voluntary, knowing, and intelligent plea, but he contends that no plea colloquy occurred.  Chambliss specifically states that he did not receive an opportunity to stand before a judge and enter his plea.

¶10.	This Court has long recognized that "[a] guilty plea is binding where it is entered voluntarily, knowingly, and intelligently." *Hill v. State*, 60 So. 3d 824, 828 (¶11) (Miss. Ct. App. 2011) (citing *Alexander v. State*, 605 So. 2d 1170, 1172 (Miss. 1992)).  Determining whether a guilty plea meets this standard depends on whether "the defendant is advised concerning the nature of the charge against him and the consequences of the plea." *Id*. "Specifically, the defendant must be advised that his guilty plea waives multiple constitutional rights." *Id.*  As the PCR movant, Chambliss bears the burden to show that his plea was not voluntarily entered. *Id*.

¶11.	In *Hill*, this Court observed that the Mississippi Supreme Court has held that when assessing the voluntariness of a guilty plea,

> [t]he thoroughness with which [the defendant] was interrogated by the lower court at the time his plea was tendered is the most significant evidence of all. For, without regard to the advice or instructions [the defendant] may have been given by his attorney, the lower court's questioning and explanations to [him] of his rights and of the consequences of his plea were sufficient to render the plea voluntary.

*Id.* (citing *Gardner v. State*, 531 So. 2d 805, 809 (¶10) (Miss. 1988)).

¶12.	The record before us contains a transcript of the May 19, 2014 plea hearing.  The transcript shows that the trial judge reviewed the charges against Chambliss as set forth in

4

his indictment, and the trial court explained the possible sentence Chambliss could receive as a habitual offender. The trial judge also informed Chambliss of the rights Chambliss waived by pleading guilty. When asked, Chambliss affirmed under oath that he submitted his plea freely and voluntarily. During the plea colloquy, Chambliss also admitted under oath the following: that he knew he was selling methamphetamine on December 12, 2012; that no one forced him to sell the methamphetamine; and that he was convicted of at least two felonies prior to the charge at issue. Chambliss also admitted that he had recently used the drugs Lortab and Xanax. He also explained that he did not have a drug problem and that he was not under the influence of any alcohol or drugs during the plea hearing.

¶13. In its order dismissing Chambliss's PCR motion, the trial court provided that the transcript from the guilty-plea hearing "clearly establishes that the [trial] court adequately questioned [Chambliss] and established a factual basis for the guilty plea, [and Chambliss] confirmed his desire to plead guilty in open court, repeatedly admitted to the elements of the crime, and did so freely and voluntarily." The trial court ultimately found that Chambliss "freely, knowingly, intelligently, and voluntarily entered his guilty plea."

¶14. We agree, and find that this issue lacks merit.

## II. Illegal Sentence

¶15. Chambliss also argues that the trial court misapplied the sentencing requirements found in House Bill Number 585; and as a result, he claims that the trial court incorrectly sentenced him to serve eight years in the custody of the MDOC, with three years suspended. Chambliss provides that House Bill Number 585, codified in section 41-29-139, became

5

effective on July 1, 2014, nearly two months before he was sentenced.

¶16.    The record shows that Chambliss pled guilty in May 2014.  At the time Chambliss

pled guilty, the applicable sentencing statute, section 41-29-139(b)(1), provided:

> In the case of controlled substances classified in Schedule I or II, as set out in
> [s]ections 41-29-113 and 41-29-115, except thirty (30) grams or less of
> marihuana or synthetic cannabinoids, and except a first offender as defined in
> Section 41-29-149(e) who violates subsection (a) of this section with respect
> to less than one (1) kilogram but more than thirty (30) grams of marihuana or
> synthetic cannabinoids, *such person may, upon conviction, be imprisoned for
> not more than thirty (30) years* and shall be fined not less than [f]ive
> [t]housand [d]ollars ($5,000.00) nor more than [o]ne [m]illion [d]ollars
> ($1,000,000.00), or both[.]

(Emphasis added).  The July 2014 revision to section 41-29-139, however, provided that

Chambliss could "be imprisoned for not more than eight (8) years or fined not more than

[f]ifty [t]housand [d]ollars ($50,000.00), or both."  The trial court sentenced Chambliss in

August 2014.  In the sentencing order, the trial judge acknowledged that the sentencing

statute was modified on July 1, 2014.  The trial court sentenced Chambliss to serve "eight

years in the custody of the [MDOC] as a habitual offender under [section] 99-19-81 without

the possibility of such sentence being reduced or suspended nor to be eligible for early

release, with three years suspended, followed by five years of postrelease supervision."

¶17.    Our review of the record reflects that Chambliss received an illegally lenient sentence.

The trial court suspended part of Chambliss's sentence, despite the fact that Chambliss was

sentenced as a habitual offender pursuant to section 99-19-81.  As a result, Chambliss's

sentence was more lenient than authorized by statute.  Jurisprudence establishes that a

defendant may not complain of an illegally lenient sentence, and his assignment of error is

without merit. *Hamberlin v. State*, 165 So. 3d 491, 495 (¶24) (Miss. Ct. App. 2015); *Burkhalter v. State*, 179 So. 3d 67, 73 (¶23) (Miss. Ct. App. 2015).

### III. Ineffective Assistance of Counsel

¶18. Chambliss next asserts that he failed to receive effective assistance from his defense counsel. Chambliss claims that his defense counsel failed to inform him of his potential sentence prior to pleading guilty.

¶19. In *Chamberlin v. State*, 55 So. 3d 1046, 1050 (¶¶4-5) (Miss. 2010), the supreme court recited the test for ineffective assistance of counsel:

> The benchmark for judging any claim of ineffectiveness must be whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result. In order to prevail on an ineffective-assistance-of-counsel claim, a defendant must first prove that his counsel was deficient, which requires showing that counsel made errors so serious that he or she was not functioning as the counsel guaranteed the defendant by the Sixth Amendment. Secondly, a defendant must prove that the deficient performance prejudiced the defense, which requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable. Absent both showings, a defendant may not prevail on his claim that his counsel was ineffective.
>
> This Court must strongly presume that counsel's conduct falls within a wide range of reasonable professional assistance, and the challenged act or omission might be considered sound trial strategy. In other words, defense counsel is presumed competent. And even where professional error is proven, this Court must determine if there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome.

*Id*. (internal citations and quotation marks omitted); *see also Strickland v. Washington*, 466 U.S. 668, 686 (1984). Chambliss bears the burden of proving that his counsel's performance was deficient and this deficiency prejudiced his defense. *Smith v. State*, 129 So. 3d 243, 246

7

(¶9) (Miss. Ct. App. 2013).

¶20. The transcript from the plea colloquy reflects that Chambliss's defense counsel informed the judge, "I told [Chambliss] that—what I told him is that he would get day-for-day anywhere from ten years down to probably about two. I didn't want to go to zero." The trial court also explained to Chambliss the potential sentence he could receive: "No more than ten years initial time to serve, so long as—it will be conditioned on several things." The transcript also reflects that both Chambliss and the trial court acknowledged Chambliss's two prior convictions. Chambliss also testified that he was satisfied with his defense counsel's assistance.

¶21. The trial court found that Chambliss's "assertions do not allege with enough specificity and detail that his counsel's performance was deficient and[,] thus, his defense was prejudiced." The trial court also observed that Chambliss's counsel "was highly effective" in working to have several of Chambliss's indictments withdrawn, greatly reducing Chambliss's potential sentence.

¶22. Our review of the record reflects that Chambliss failed to meet his burden of showing that his counsel's performance was deficient, and that this deficiency prejudiced his defense. *See Smith*, 129 So. 3d at 246 (¶9); *Williams v. State*, 110 So. 3d 840, 844 (¶21) (Miss. Ct. App. 2013) (petitioner must provide support for ineffective-assistance-of-counsel claim with specific facts to overcome strong presumption that counsel's performance was sufficient). Accordingly, Chambliss's claim lacks merit.

¶23. We therefore affirm the trial court's dismissal of Chambliss's PCR motion.

8

**¶24.    THE JUDGMENT OF THE LAUDERDALE COUNTY CIRCUIT COURT DISMISSING THE MOTION FOR POSTCONVICTION RELIEF IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO LAUDERDALE COUNTY.**

**LEE, C.J., IRVING AND GRIFFIS, P.JJ., BARNES, ISHEE, FAIR, JAMES, WILSON AND GREENLEE, JJ., CONCUR.**