# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2025-CP-00076-COA

CHRISTOPHER ASHBY A/K/A CHRISTOPHER LEE ASHBY A/K/A CHRISTOPHER L. ASHBY

APPELLANT

v.

STATE OF MISSISSIPPI

APPELLEE

| | |
|---|---|
| DATE OF JUDGMENT: | 12/17/2024 |
| TRIAL JUDGE: | HON. CELESTE EMBREY WILSON |
| COURT FROM WHICH APPEALED: | DESOTO COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | CHRISTOPHER ASHBY (PRO SE) |
| ATTORNEY FOR APPELLEE: | OFFICE OF THE ATTORNEY GENERAL BY: JULIANNE KAY BAILEY |
| NATURE OF THE CASE: | CIVIL - POST-CONVICTION RELIEF |
| DISPOSITION: | AFFIRMED - 03/17/2026 |
| MOTION FOR REHEARING FILED: | |

**BEFORE WILSON, P.J., McCARTY AND LASSITTER ST. PÉ, JJ.**

**LASSITTER ST. PÉ, J., FOR THE COURT**:

¶1.     Christopher Ashby pleaded guilty to one count of possession of child sex-abuse material (CSAM) in DeSoto County. After his plea was accepted by the circuit court, Ashby filed a motion to withdraw his plea. The court held a hearing but denied the motion after finding that Ashby had not presented good cause to allow him to withdraw the plea. Two years later, Ashby filed a petition for post-conviction relief, raising eleven issues. The circuit court denied the petition, and we affirm for the reasons addressed below.

## FACTS AND PROCEDURAL HISTORY

¶2.     A DeSoto County grand jury indicted Christopher Ashby in January 2021 on twenty

counts of possession of CSAM. In August 2022, Ashby filed a petition to plead guilty pursuant to *North Carolina v. Alford*.[1] In his petition, Ashby noted that he was pleading guilty to one count of possession of CSAM after reaching a plea agreement with the State. Ashby agreed to enter an open plea, and the State agreed to recommend "no more than 10 years to serve" and would remand the remaining nineteen counts of the indictment. Ashby's plea petition noted his understanding of the minimum and maximum sentences for the crime (five years and a $50,000 fine; forty years and a $500,000 fine, respectively). The petition noted that he understood the final sentencing authority rested with the court and that he had not been promised parole or early release. Ashby swore that his lawyer was competent and that he was satisfied with his counsel's performance.

¶3. At his plea hearing, Ashby swore that he had reviewed his petition and that everything in it was true and accurate. He had no complaints about his counsel. The court informed him of the minimum and maximum punishments for his crime, which he understood. The court asked if he understood what his *Alford* plea meant, and he said he did. The circuit court explained it anyway and told him that it would be treated as a guilty plea. Ashby understood.

¶4. The circuit court also went over the rights Ashby was sacrificing to plead guilty, which he said he understood. He denied that anyone had promised him anything beyond the State's promise to make a sentence recommendation, but he said he understood that the final sentence rested with the court. He denied being threatened, coerced, or pressured into pleading guilty. The court then accepted Ashby's guilty plea. He was allowed to remain out

---

[1] 400 U.S. 25 (1970).

on bond until sentencing a few months later.

¶5.     Before his sentencing, Ashby filed a motion to withdraw his plea. Ashby alleged that he had always maintained his innocence and that he had felt pressured to enter his *Alford* plea. Ashby alleged that his statements to police were made under duress and that others were responsible for the CSAM found on his computer.

¶6.     At a hearing on the motion, Ashby testified that he "knew what [he] was doing, and [he] did it voluntarily" when he pleaded guilty. He said that after he pleaded guilty, he learned that his daughter had taken some of the photos and had disclosed that she had been abused by other family members. His daughter testified similarly at the hearing, but it was not clear that she claimed to have taken the photos herself.

¶7.     The court denied the motion, citing to Mississippi Rule of Criminal Procedure 15.4 and noting that Ashby had "failed to show good cause as to why his entry of guilt was not voluntary or any other basis for withdrawal of said entry of guilt." The court specifically found that none of Ashby's daughter's testimony, if it were true, would refute Ashby's possession of the material.

¶8.     The court sentenced Ashby to serve ten years in the custody of the Mississippi Department of Corrections, plus five years of post-release supervision.

¶9.     In August 2024, Ashby filed a petition to set aside his guilty plea,[2] alleging that his 2022 plea was involuntary. He claimed there were eleven grounds upon which his plea could

[2] Ashby's petition was called "Petition to Set Aside Plea Agreement," but it is clear from the text of the petition that he was seeking post-conviction relief under Mississippi Code Annotated section 99-39-5(1)(g) (Rev. 2020), alleging that his plea was involuntary.

be set aside: that the plea was involuntary; that his counsel failed to secure a forensic expert; that law enforcement's search of his home was illegal; that his right to a speedy trial was violated; that his counsel's failure to suppress evidence deprived him of a fair hearing; that chain-of-custody issues required an "independent investigation by a higher court"; that the circuit court erred by denying the motion to withdraw plea; that the prosecution and his counsel coerced and tricked him into pleading guilty; that he was actually innocent; that his counsel failed to seek dismissals, suppression of evidence, or challenge warrants; and that his counsel was deficient by waiving his preliminary hearing.

¶10. The circuit court denied Ashby's motion. The court found that Ashby presented no support for his claims of an involuntary plea and that the record did not support his allegations. The court further noted that it had already determined his plea was entered voluntarily when it denied his motion to withdraw his plea. As to Ashby's claims of ineffective assistance, the court found that all but one of his claims was barred by his valid guilty plea, and the only one not barred—that his counsel coerced him into pleading guilty—had been found meritless. Additionally, the court noted that Ashby had presented no proof of his claims beyond his own self-serving affidavit. Finally, the court noted that Ashby's remaining claims—all relating to constitutional and statutory violations—were also barred by Ashby's valid guilty plea. Ashby appealed.

**ANALYSIS**

¶11. Ashby's appeal raises the same issues verbatim as those raised in the circuit court. For clarity and conciseness, we will address the issues as follows: (1) the voluntariness of the

4

plea; (2) the ineffective assistance of counsel allegations; (3) the alleged violations of due process and other constitutional rights.

¶12. "When reviewing a [circuit] court's denial . . . of a PCR petition, we will only disturb the [circuit] court's factual findings if they are clearly erroneous; however, we review the [circuit] court's legal conclusions under a de novo standard of review." *Haley v. State*, 405 So. 3d 1260, 1262 (¶7) (Miss. Ct. App. 2024). The petitioner bears the burden of proving his factual allegations. *Chambliss v. State*, 188 So. 3d 1262, 1265 (¶8) (Miss. Ct. App. 2016). With these standards in mind, we find no error and affirm the denial of post-conviction relief.

## I. Ashby's guilty plea was voluntary, knowing, and intelligent.

¶13. Ashby suggests that his plea was not voluntary and that the circuit court erred by denying his motion to withdraw his plea.[3] He also asserts that he was coerced, tricked, and deceived by law enforcement and his attorney, which led him to plead guilty to save his daughter from being arrested.

¶14. A guilty plea will be binding if it is entered voluntarily, knowingly, and intelligently. *Creel v. State*, 354 So. 3d 405, 411 (¶17) (Miss. Ct. App. 2023). To determine whether the plea was given voluntarily, we must consider whether the defendant knew the elements of the charges against him, the effects of the plea, and the minimum and maximum sentences he faced. *Albert v. State*, 372 So. 3d 173, 177 (¶11) (Miss. Ct. App. 2023). When these things

---

[3] Ashby presents his argument as follows: "Whether the petitioner's *Alford* plea was made voluntary in light of the motion to withdraw the plea executed by the attorney," and "[w]hether the courts committed plain error by denying the motion to withdraw the plea executed by secondary counsel John McNeal as the last result [sic] to maintain the petitioner's innocence."

are explained to the defendant by the court, the plea will be found to have been knowingly given. *Id.* The defendant's "[s]olemn declaration[] in open court carr[ies] a strong presumption of verity." *Young v. State*, 329 So. 3d 589, 591 (¶8) (Miss. Ct. App. 2021).

¶15.    Here, Ashby's sworn plea petition, the transcript of the plea hearing, and the transcript of the hearing on his motion to withdraw his plea discredit his claim of an involuntary plea. His plea petition, which Ashby signed and initialed on each page, presented the charge against him and the maximum and minimum sentence for the crime. The petition also noted he understood that he was entering an open plea, that the State would recommend a ten-year sentence, and that the circuit court had final sentencing authority. Ashby swore he was satisfied with his counsel's performance and that he had not been promised any leniency or coerced into pleading guilty.

¶16.    At his plea hearing, Ashby swore everything in the plea petition was true and correct, and the circuit court went over the charges, sentences, and ramifications of his plea. Again, Ashby had no complaints about counsel and promised he had not been coerced, threatened, or pressured into pleading guilty.

¶17.    A few months later, at his hearing to withdraw his plea, Ashby testified that he "knew what [he] was doing, and [he] did it voluntarily" when he pleaded guilty.

¶18.    Ashby's sworn statements—in his plea petition, at his plea hearing, and at the hearing on his motion to withdraw his plea—defeat his claim that his plea was involuntary. Ashby did not carry his burden to show that his plea was involuntary, unknowing, or unintelligent. The circuit court did not err by denying relief on this ground.

6

## II. Ashby's ineffective assistance of counsel claims are waived by his valid guilty plea.

¶19. Ashby argues that his counsel was constitutionally ineffective in several ways: failure to get an expert to review evidence; failure to seek suppression of evidence; failure to challenge the chain-of-custody regarding evidence; failure to challenge the State's warrants; and waiver of his preliminary hearing.

¶20. In the context of a guilty plea, a defendant claiming that he received ineffective assistance of counsel must show that "his counsel's conduct proximately resulted in the guilty plea, and that but for counsel's errors, he would not have entered the plea." *Townsend v. State*, 344 So. 3d 858, 862 (¶10) (Miss. Ct. App. 2022). Additionally, a valid and voluntary guilty plea may waive claims of ineffective assistance of counsel. *Id.*

¶21. We have already affirmed the circuit court's finding that the plea was voluntary, including the circuit court's finding regarding Ashby's claim that his plea was coerced by his counsel. None of Ashby's other claims of ineffective assistance relate to the voluntariness of his plea, and they are therefore waived by his valid guilty plea. We also note that a PCR petitioner must support his ineffective assistance of counsel claims with affidavits and evidence other than his own self-serving petition, and Ashby failed to do so here. *See id.* at (¶13). This alone would doom his ineffective assistance of counsel claim.

## III. Ashby's claims of constitutional violations are waived by the valid guilty plea.

¶22. Ashby alleges several constitutional violations that he claims require relief: that he was subjected to an illegal search and seizure; that his right to a speedy trial was violated;

that he is actually innocent; and that his indictment was defective. However, his valid guilty plea waives his right to lodge these challenges. *Russell v. State*, 73 So. 3d 542, 544 (¶7) (Miss. Ct. App. 2011) ("[A] voluntary guilty plea waives a movant's constitutional right to challenge the validity of the search or seizure."); *Mallard v. State*, 362 So. 3d 88, 91-92 (¶15) (Miss. Ct. App. 2023) ("[A] guilty plea waives the right to a speedy trial, whether that right is of constitutional or statutory origin."); *Johnson v. State*, 39 So. 3d 963, 965-66 (¶9) (Miss. Ct. App. 2010) ("[B]y definition, a plea of guilty negates any notion" that the defendant is actually innocent, and the defendant's "sworn testimony in which he admitted that he was guilty . . . negates his current claim."); *Joiner v. State*, 61 So. 3d 156, 159 (¶7) (Miss. 2011) ("[W]ith only two exceptions [Ashby does not allege], the entry of a knowing and voluntary guilty plea waives all other defects or insufficiencies in the indictment.").

¶23. We affirm the circuit court's denial of post-conviction relief on these constitutional grounds.

## CONCLUSION

¶24. We affirm the circuit court's denial of post-conviction relief, as Ashby's plea was knowingly, intelligently, and voluntarily given; and this valid guilty plea waives all other issues raised in his petition for post-conviction relief.

¶25. **AFFIRMED.**

**BARNES, C.J., CARLTON AND WILSON, P.JJ., WESTBROOKS, McDONALD, LAWRENCE, McCARTY, EMFINGER AND WEDDLE, JJ., CONCUR.**